UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
NATHAN LINDELL,                     )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )   Civil Action No. 08-1462 (PLF)
                                    )
THE LANDIS CORPORATION 401(K) PLAN; )
LANDIS CONSTRUCTION COMPANY;        )
ETHAN LANDIS, individually and in his capacity )
as an officer; HUGH JEFFREY FOX, PLAN )
ADMINISTRATOR of the LANDIS         )
CORPORATION 401(K) PLAN; and JOHN   )
DOES 1-5, Fiduciaries,              )
                                    )
       Defendants.                  )
_____)

MEMORANDUM OPINION

       This matter is before the Court on defendants' motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Mot."), plaintiff's opposition ("Opp.") and defendants' reply.  For the reasons discussed below, the Court finds that the issues raised in this motion are better understood as a challenge to subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Having carefully considered the parties' arguments and the relevant case law, the Court will grant defendants' motion to dismiss as to defendants Landis Construction Company and Ethan Landis, individually and in his capacity as an officer, and the Court will deny defendants' motion to dismiss as to defendants Landis Corporation 401(k) Plan, Hugh Jeffrey Fox, and John Does 1-5, Fiduciaries.

I. BACKGROUND

Plaintiff Nathan Lindell, a former employee of Landis Construction Company ("the company"), brought this action under the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1001 et seq., ("ERISA"), for unpaid and untimely contributions by the company to its 401(k) Plan in which Mr. Lindell was a participant. Plaintiff also alleges that defendant Fox and the John Doe fiduciaries breached their fiduciary duty to him in their capacity as administrators of the plan. Defendants now move to dismiss on the ground that the claim is barred by a settlement agreement entered into by the parties in a related case concerning unpaid overtime wages. Defendants further argue that this claim is barred by the doctrine of *res judicata* in light of the same settlement agreement.

II. DISCUSSION

*A. Standard of Review*

Federal courts are courts of limited jurisdiction. Under Article III's case or controversy requirement, federal courts may only decide "real and substantial controvers[ies]". North Carolina v. Rice, 404 U.S. 244, 246 (1971) (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1937)). Federal courts have no jurisdiction over moot cases, see Worth v. Jackson, 451 F. 3d 854, 857 (D.C. Cir. 2006), and such cases must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Court has "an affirmative obligation to 'ensure that it is acting within the scope of its jurisdictional authority' . . . which includes the obligation to consider the possibility of mootness." Abu Ali v. Gonzales, 387 F. Supp. 2d 16, 17 (D.D.C. 2005) (quoting Grand Lodge of Fraternal Order of Police v.

Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001)).  Claims that have been resolved by earlier settlement agreements, and therefore present no ongoing controversy, are moot.  See Allen v. Nicholson, 573 F. Supp. 2d 35, 38 (D.D.C. 2008) (citing Aulenback, Inc. v. Federal Highway Admin., 103 F.3d 156, 161 (D.C. Cir. 1997)).  Accordingly, the Court will analyze defendants' motion to dismiss for failure to state a claim based on a prior settlement agreement as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

Under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction.  See Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004). When deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court must construe the complaint in the plaintiff's favor and treat all well-pled factual allegations as true.  See Allen v. Nicholson, 573 F. Supp. 2d at 38.  The Court is not required, however, to accept unsupported inferences or "legal conclusions cast as factual allegations." Id. at 38 (quoting Rann v. Chao, 154 F. Supp 2d 61, 64 (D.D.C. 2001)) (internal quotation marks omitted).  Under Rule 12(b)(1), the Court may dispose of the motion on the basis of the complaint alone or it may consider materials beyond the pleadings, such as the proffered settlement agreement, "as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." Scolaro v. D.C. Board of Elections and Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000).

*B. The Settlement Agreement*

On February 11, 2008, plaintiff sued the company and its CEOs, Ethan Landis and Christopher Landis, in their individual capacities for unpaid overtime wages.  See Lindell v.

3

Landis Constr. Corp., Civil Action No. 08-0229, Complaint, Dkt. No. 1 (D.D.C. February 11, 2008). On August 26, 2008, the parties in that case agreed to prepare a joint stipulation of dismissal. See Mot. at 2. On September 8, 2008, the parties filed a stipulation, agreeing to dismiss the case under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. See Lindell v. Landis Constr. Corp., Stipulation of Dismissal, Dkt. No. 15 (D.D.C. Sept. 8, 2008). The one-page handwritten settlement agreement was signed by Ethan Landis on behalf of all the defendants in the case. See Mot., Exhibit 1 (the "Settlement Agreement"). For the purpose of this action, the relevant information in the Settlement Agreement is contained in its paragraph four, which states simply: "This is a settlement and release of all claims between the parties." Id. After signing the Settlement Agreement, Mr. Lindell filed the lawsuit currently before the Court.

The parties do not dispute the legitimacy of the Settlement Agreement. Rather, the question is whether the earlier settlement bars all of plaintiff's current claims. Settlement agreements are contracts, and courts interpret them accordingly. See 13B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533.2 (2d ed. 2002); see also Dodge v. Trustees of Nat. Gallery of Art, 326 F. Supp. 2d 1, 9 (D.D.C. 2004) ("When a case is settled extra-judicially through settlement agreements, this Court has applied the principles of contract law . . . . to determine what claims the parties intended to foreclose from future litigation.") (internal citations omitted). In such situations, "'the judicial task . . . is to give effect to the mutual intent of the parties,' and 'when the language of a contract is clear and unambiguous on its face, a court will assume that the meaning ordinarily ascribed to those words reflects the intention of the parties.'" Pigford v. Schafer, 536 F. Supp. 2d 1, 10 (D.D.C. 2008) (quoting Mesa Air Group, Inc. v. Dep't of Transp., 87 F.3d 498, 503 (D.C. Cir.

1996)). Any assertions of ambiguity in the terms of the agreement must be established by objective evidence. See id.

Plaintiff argues that the Settlement Agreement is limited to his wage payment claims. Nothing in the plain language of the Settlement Agreement provides for such a limitation, however. The unambiguous and expansive language provides for the release of "all claims" between the parties. Settlement Agreement ¶ 4. The Settlement Agreement therefore bars all of Mr. Lindell's claims, including the ones in the instant lawsuit before this Court, against the signatories to the agreement — namely, the company and Ethan Landis, individually and in his capacity as an officer. The Court concludes that plaintiff's claims against these defendants are moot and will grant the motion to dismiss as to those defendants.

The Settlement Agreement does not, however, bar Mr. Lindell's claims against parties who were not signatories to the agreement. In the settled case Mr. Lindell sued the company, but he did not name as defendants the 401(k) Plan or any of its administrators.[1] Defendants obliquely suggest that these parties are functionally identical to the signatories to the Settlement Agreement, but they have not given the Court adequate evidence or authority to support such a conclusion.[2] The Court concludes therefore that the Settlement Agreement does

---

[1] ERISA specifies that an employee benefit plan may be sued as an entity. See 29 U.S.C. §1132(d).

[2] The parties' exhibits raise a factual dispute over whether defendant Hugh Jeffrey Fox is the 401(k) Plan administrator, and therefore, whether he is an appropriate defendant to this action. Exhibit 2 of defendants' motion is a declaration by Mr. Fox denying that he has ever served as a plan administrator of the company's 401(k) plan, see Mot., Exhibit 2 ¶ 3, while Exhibit 1 of plaintiff's opposition shows Mr. Fox's signature as a plan administrator on plaintiff's plan enrollment form. See Opp., Exhibit 1. Construing the facts alleged in plaintiff's favor, as the Court must do at this point, the Court for now will treat Mr. Fox as the plan administrator and as an appropriate defendant in this action.

not moot Mr. Lindell's claims against these parties.

*C. Res Judicata*

Defendants also argue that this action is barred by the doctrine of *res judicata*. Under the doctrine of *res judicata*, a final judgment on the merits in an action precludes the same parties from litigating claims that were or could have been raised in that action. See Medelius Rodriguez v. U.S. Citizenship and Immigration Service, 605 F. Supp. 2d 142, 146 (D.D.C. 2009) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). If the settlement agreement reached by the parties in Lindell v. Landis Construction Corporation, Civil Action No. 08-0229, had been approved by the Court as a judgment on the merits or in the form of a consent decree, *res judicata* might bar plaintiff's claims. But "[r]es judicata cannot operate in the absence of a judgment. A settlement agreement that has not been integrated into a consent decree [or order of a court] is not a judgment and cannot trigger *res judicata*." Carver v. Nall, 172 F.3d 513, 515 (7th Cir. 1999); see also Bailey v. DiMario, 925 F. Supp. 801, 810-11 (D.D.C. 1995) (precluding claims on *res judicata* grounds that were the subject of a court-approved class action settlement). To have preclusive effect, a court judgment must be rendered in some form; otherwise a settlement agreement on its own is effective only as a contract. See 18A WRIGHT, MILLER & COOPER, § 4443 (2d ed. 2002). In Civil Action No. 08-0229, the parties entered into a stipulation of dismissal under Rule 41(a)(1)(A)(ii), with no judgment entered by the Court. Rule 41(a)(1)(A)(ii) provides: "[T]he plaintiff may dismiss an action without court order by filing . . . a stipulation of dismissal signed by all the parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii). In the absence of a court order, the settlement agreement has no preclusive

effect. Defendants's arguments as to *res judicata* therefore are misplaced, and the Court will not dismiss the case on those grounds.

### *D. Plaintiff's Proposed Amendment*

In his opposition to defendants's motion to dismiss, plaintiff requested that he be permitted to amend his complaint to include Ethan Landis and Christopher Landis in their capacities as plan administrators of the Landis Construction Corporation 401(k) plan as defendants. Under Rule 15(a)(1)(A), a party may amend its pleading once as a matter of course before being served with a responsive pleading. See FED. R. CIV. P. 15(a)(1)(A). To do so, however, Local Civil Rule 7(i) requires that the party file an original of the proposed pleading as amended. See L. CV. R. 7(i). The plaintiff has not done so and until he does, the Court will continue to rely upon the original complaint.

### III. CONCLUSION

The Court will grant defendants' motion to dismiss with respect to defendants Landis Construction Company and Ethan Landis, individually and in his capacity as an officer. Defendants' motion to dismiss is denied with respect to defendants Landis Construction Company 401(k) Plan, Hugh Jeffrey Fox and John Doe fiduciaries. An Order accompanying this Memorandum Opinion will issue this same day.

                                          /s/
                                      PAUL L. FRIEDMAN
                                      United States District Judge

DATE: July 28, 2009