UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
NATHAN LINDELL,                     )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   Civil Action No. 08-1462 (PLF)
                                    )
LANDIS CONSTRUCTION CO., et al.,    )
                                    )
        Defendants.                 )
_____ )

OPINION

Plaintiff Nathan Lindell, a former employee of Landis Construction Company ("Landis"), brought this action under the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1001 et seq., ("ERISA"). This matter currently is before the Court on defendants' motion for summary judgment or, in the alternative, to dismiss. After careful consideration of the parties' papers (including their exhibits), defendants' declarations, and the relevant case law and statutes, the Court will grant the motion.[1]

I. BACKGROUND

Plaintiff worked for Landis at all times relevant to this action. See Complaint ("Compl.") ¶ 7. Landis offers an employee benefit pension plan, known as a 401(k) plan, to its employees (the "401(k) Plan" or the "Plan"). See id. ¶ 5. Plaintiff enrolled in the Plan in 2007.

---

[1] The Court had the following papers before it in consideration of this motion: Defendants' Motion for Summary Judgment or to Dismiss ("Mot."); Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Opp."); Defendants' Reply to Plaintiff's Opposition to Motion for Summary Judgment or to Dismiss ("Rep."); and Defendants' Supplement to Reply.

See Mot., Statement of Material Facts as to Which There is No Genuine Issue ("Def. Facts") ¶ 4. His total contributions for 2007, the only year in which he was enrolled in the 401(k) Plan, were $1,360. See id.

Plaintiff asserts two claims against defendants based upon his participation in the 401(k) Plan. In Count One for "Unpaid and Untimely Contributions," plaintiff alleges that defendants failed to make promised matching contributions to the 401(k) Plan and that they failed to submit contributions deducted from plaintiff's paycheck to the 401(k) Plan in a timely manner. See Compl. ¶¶ 11-17. In Count Two, "Breach of Fiduciary Duty," plaintiff alleges that defendants Hugh Jeffrey Fox and the John Doe fiduciaries breached their fiduciary duty to him in their capacity as administrators of the Plan by failing to disclose certain expenses and failing to ensure that employee contributions were timely made. See id. ¶¶ 18-23.

Plaintiff previously filed a lawsuit against certain of the current defendants for unpaid overtime wages. See Lindell v. Landis Constr. Corp., Civil Action No. 08-0229, Complaint, Dkt. No. 1 (D.D.C. February 11, 2008). On September 8, 2008, the parties in that case agreed to dismiss the case based on a settlement agreement. See Lindell v. Landis Constr. Corp., Stipulation of Dismissal, Dkt. No. 15 (D.D.C. Sept. 8, 2008). After signing the settlement agreement in the earlier case, Mr. Lindell filed the lawsuit currently before the Court. Based on that settlement agreement, this Court dismissed from the current lawsuit the defendants who were parties to the earlier case — Landis Construction Company and Ethan Landis. See Lindell v. Landis Corp. 401(K) Plan, 640 F. Supp. 2d 11, 15 (D.D.C. 2009). The remaining defendants are Landis Corporation 401(k) Plan, Hugh Jeffrey Fox, and John Does 1-5, Fiduciaries.

II.  STANDARD OF REVIEW[2]

Summary judgment may be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits [or declarations] show that there is no genuine issue as to any material fact and that the movant[s] [are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895.  When a motion for summary judgment is under consideration, "the evidence of the non-movant[s] is to be believed, and all justifiable inferences are to be drawn in [their] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Electric Power Co., 447 F.3d 843, 849-50 (D.C. Cir. 2006); Aka v. Washington Hospital Center, 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*); Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989).  On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).

---

[2]  Defendants' motion relies on materials outside the pleadings, and the Court has considered some of those materials.  Rule 12(d) of the Federal Rules of Civil Procedure therefore requires the Court to treat the motion as one for summary judgment pursuant to Rule 56 rather than as a motion to dismiss pursuant to Rule 12(b)(6).

The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). He is required to provide evidence that would permit a reasonable jury to find in his favor. Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the nonmovant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 550 U.S. at 380 ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.'") (quoting Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### III. DISCUSSION

*A. Requests for Additional Discovery*

Defendants' motion for summary judgment is sparse and focuses on their argument that plaintiff cannot meet his burden of proof for his claims. Plaintiff responds by asserting that summary judgment is premature because discovery documents have not been produced by defendants. See Opp. at 9. As explained below, the Court agrees with defendants that plaintiff has had ample opportunity to take discovery, and it will not reserve ruling on the summary judgment motion in order to allow plaintiff to take additional discovery.

Discovery was originally scheduled to be completed by November 13, 2009. See Scheduling Order, Dkt. No. 9 ¶ 1 (Aug. 20, 2009). The Court granted plaintiff's motion for an

extension of time to complete discovery, over defendants' opposition, extending the time to complete discovery until December 31, 2009. See Minute Order (Nov. 12, 2009). According to defendants, the only additional discovery request that they received from plaintiff was an email dated 11:16 p.m. on December 31, 2009, which requested additional responses to a document request originally made in October 2009. See Rep. at 4, see also Rep., Ex. 4 (email from plaintiff's counsel to defense counsel dated 12/31/09). The Scheduling Order entered in this case requires the parties to resolve all discovery disputes in a timely manner so as "to allow sufficient time for the completion of discovery" by the date on which discovery is scheduled to close. See Scheduling Order ¶ 1. Defendants took the position that plaintiff's midnight hour request was untimely. See Rep., Ex. 5 (email from defense counsel to plaintiff's counsel dated 1/1/10). Plaintiff did not, however, move for an additional extension of time to complete discovery, nor did he move to compel production of the documents by defendants. Plaintiff's counsel has not been diligent in seeking additional discovery, and the Court will not postpone resolution of the motion in order to permit additional discovery to be taken.

In his opposition to defendants' motion, plaintiff also requests permission to take additional discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Rule 56(f) provides that if a party opposing a summary judgment motion "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may deny the summary judgment motion and/or permit additional discovery to be taken. Plaintiff has submitted no such affidavit nor made a formal motion for Rule 56(f) discovery. The request does not comply with the Rule, and the Court will not grant it. The Court will consider the

5

defendants' arguments in favor of summary judgment and plaintiff's opposition on their merits.[3]

*B. The Merits*

With regard to plaintiff's first claim, plaintiff's theory of the case is that Landis promised to provide employer matching contributions to the 401(k) Plan equal to three percent of his earnings. See Compl. ¶ 12. Plaintiff asserts that defendants failed to pay him overtime wages which he was due and therefore that the amount of employer contributions was less than promised. See id. ¶ 13. Plaintiff also asserts that he lost investment income because Landis's submission of plaintiff's own contributions to the 401(k) Plan were not made in a timely manner. See id. ¶ 15.

Defendants argue that the undisputed facts show that the company's contributions to the 401(k) Plan were discretionary and therefore that it had no commitment to contribute any amount to the 401(k) Plan. Defendants have produced evidence in the form of a declaration from the CEO and co-owner of Landis, Ethan Landis, stating that the 401(k) Plan "does not have an ongoing employer match, but a discretionary profit sharing 3% contribution paid after the year end." See Mot., Ex. 1, Declaration of Ethan Landis ("Landis Decl.") ¶ 3. The Adoption Agreement for the 401(k) Plan provided that the employer may make discretionary contributions to the 401(k) Plan and provides for a "Discretionary Safe-Harbor Contribution" by which

---

[3] Plaintiff might have had the opportunity to take additional discovery had his attorney acted diligently, but he is bound by his attorney's actions, even though they ultimately did plaintiff a disservice. See Robinson-Smith v. Gov't Emples. Ins. Co., 424 F. Supp. 2d 117, 120 (D.D.C. 2006) ("Clients generally are presumed to be accountable for and bound by their attorneys" conduct.") (citing Link v. Wabash Railroad Co., 370 U.S. 626, 633-34 (1962)).

> the Employer may make an Employer Contribution . . . on behalf of all Participants in an amount equal to 3% of Participant's Plan Compensation. In the event that the Employer elects not to make a 401(k) Safe-Harbor Contribution, a supplemental notice will be distributed to all Participants prior to the date 30 days prior to the expiration of such Plan Year.

See Mot. Ex. 4 at 7-8. The Summary Plan Description for 2009 shows that the employer's contributions to the 401(k) Plan were still "discretionary" at that point. Mot., Ex. 3 at 3. Ethan Landis also stated in his declaration that with regard to plaintiff and the one year for which he was enrolled in the 401(k) Plan, 2007, "Landis Construction would not have made any matching contribution since Mr. Lindell did not contribute for a full year in 2007." See Landis Decl. ¶ 4.

At the summary judgment stage, once the moving parties make out a case that would entitle them "to judgment as a matter of law if uncontroverted at trial," as defendants have with regard to the discretionary nature of their contributions to the 401(k) Plan, the Court will grant summary judgment unless the opposing party offers some competent evidence showing that there is a genuine issue as to a material fact. 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2727 at 486 (3d ed. 2002); see also Celotex Corp. v. Catrett, 477 U.S. at 324; Laningham v. United States Navy, 813 F.2d at 1242. "In this way the burden of producing evidence is shifted to the party opposing the motion." WRIGHT, MILLER & KANE at 486-88. In order to prevent judgment against him, Mr. Lindell must offer competent evidence showing that there is a genuine issue as to defendants' assertion that their Plan contributions were discretionary. He has not done so.

Plaintiff appears to recognize that the 401(k) Plan's Adoption Agreement, quoted above, provides that employer contributions are discretionary and permits the employer not to

make a contribution in any given year. See Opp. at 4. Plaintiff asserts, however, that he received a letter from the plan sponsor representing that matching contributions would be made at three percent of his salary. See id. at 9. Plaintiff has not submitted this letter to the Court, nor has he submitted any sworn statements attesting to its contents. In fact, plaintiff's sworn deposition testimony is that he is at best uncertain whether any matching to be done by Landis was mandatory or discretionary. See Mot., Ex. 2, Deposition of Nathan Lindell ("Lindell Dep.") at 16. In addition, plaintiff has provided no response to defendants' evidence that even if they had elected to make matching contributions for employees in 2007, they would not have matched plaintiff's contributions because he had not contributed for the full year. The Court concludes that no genuine issue of material fact exists with regard to whether Landis failed to make adequate matching contributions to plaintiff's 401(k) Plan and will grant summary judgment for defendants on this issue.

With regard to plaintiff's allegations that Landis failed to submit contributions from plaintiff's paycheck to his 401(k) Plan on time — and that he correspondingly lost investment income — Ethan Landis stated in his declaration that "ADP Payroll cuts a check for each employee 401(k) deductions, and Landis sends the check to Citistreet on every pay date." See Landis Decl. ¶ 6. He explicitly denies plaintiff's allegations that the plan contributions deducted from plaintiff's paychecks were ever delayed. See id. Plaintiff provides no evidence in response to this statement, other than a copy of his final payroll record — a record for a pay period in which plaintiff elected not to make any contribution to his 401(k) Plan. See Opp., Ex. A (payroll record for 11/11/07 through 11/24/07); see also Rep., Ex. 1, Declaration of Hugh Jeffrey Fox ("Fox Decl.") ¶ 5 (stating that plaintiff elected to have no 401(k) deduction made

from his final paycheck). Plaintiff has not met his burden of showing that a genuine issue of material fact exists with respect to this issue. The Court therefore will grant judgment in favor of the defendants on the question of whether they timely submitted the contributions that plaintiff made from his paycheck to his 401(k) Plan.

Count Two of plaintiff's complaint alleges that Hugh Jeffrey Fox and the John Doe fiduciaries breached a fiduciary duty to plaintiff by failing to disclose that the expenses associated with administering the 401(k) Plan would be charged to the plan participants.[4] Defendants have provided the Court with the declaration of Ethan Landis in which he states that no administrative fees are charged to the 401(k) Plan participants, see Landis Decl. ¶ 9, and the declaration of Mr. Fox stating that "Landis Construction is billed for all administrative fees for its 401(k) plan, not the employees. I have never seen any document indicating that Mr. Lindell was charged for administrative fees for the 401(k) plan." Fox Decl. ¶ 6.

Plaintiff responds by relying on the Service Agreement for the 401(k) Plan which details numerous costs and fees associated with the Plan. In the section entitled "Miscellaneous Payroll and Data Remittance Processing," which discusses charges associated with data submission, there are two options — either to "Bill the Employer the applicable per active Participant recordkeeping fee" or to "Debit each active Participant's account (semi-annually, the applicable fee. The difference between this sum and the total annual fee will be billed to the Employer)." Opp., Ex B, CitiStreet Service Agreement at 66. The second option, to debit the

---

[4] Plaintiff also alleges that these defendants breached a fiduciary duty by failing to ensure that the contributions were timely remitted to the 401(k) Plan. As discussed with regard to plaintiff's first count, however, the undisputed facts show that Landis did not submit plaintiff's contributions in an untimely manner. Accordingly, there can be no liability for breach of fiduciary duty on this theory.

participant's account, is selected. See id. This selection does not necessarily mean that the participants in Landis's 401(k) Plan were charged administrative costs, however, because this section also provides that costs for data submission *are free* if the employer uses an electronic or automated data submission method. See id. This document therefore does not lead to the conclusion that plaintiff was charged administrative costs for his 401(k) Plan. In addition, plaintiff testified in his sworn deposition that he did not know whether he was charged administrative costs for participation in the 401(k) Plan. See Lindell Dep. at 36-37. In light of the sworn statements by Mr. Landis and Mr. Fox that no administrative costs are charged to plan participants, the Court concludes that no genuine issue of fact exists as to whether plaintiff was charged administrative fees for his participation in the 401(k) Plan.

IV.  CONCLUSION

As explained above, the Court has concluded that there are no genuine issues of material fact with regard to plaintiff's claims. The Court therefore will grant summary judgment for defendants.[5] An Order consistent with this Opinion will issue this same day.

_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: May 28, 2010

---

[5] The Court therefore need not reach defendants' numerous procedural challenges, many of which are well taken, to plaintiff's response brief.