UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
NATHAN LINDELL,                     )
                                    )
            Plaintiff,              )
                                    )
    v.                              )    Civil Action No. 08-1462 (PLF)
                                    )
LANDIS CONSTRUCTION CO., et al.,    )
                                    )
            Defendants.             )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's motion for reconsideration of the Court's May 28, 2010 decision granting defendants' motion for summary judgment, defendants' motion for attorneys' fees, and plaintiff's motion for an extension of time to file the notice of appeal. The Court has carefully considered the parties' arguments in their briefs, its May 28, 2010 decision, and the entire record in this case. It will deny plaintiff's motion for reconsideration, deny defendants' motion for attorneys' fees, and grant plaintiff's motion for extension of time to file a notice of appeal.

*A. Reconsideration*

Plaintiff moves for reconsideration under both Rule 59(e) of the Federal Rules of Civil Procedure and under Rule 60(b) of the Federal Rules of Civil Procedure. The resolution of a motion for reconsideration under Rule 59(e) is a matter of the Court's discretion and "need not be granted unless the [Court] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."

Messina v. Krakower, 439 F.3d 755, 758 (D.C. Cir. 2006) (internal quotation marks and citation omitted). "[A] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, nor is it a vehicle for presenting theories or arguments that could have been advanced earlier." Fresh Kist Produce, LLC v. Choi Corp., 251 F. Supp. 2d 138, 140 (D.D.C. 2003) (internal quotation marks and citations omitted). "While the [C]ourt has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure." Fresh Kist Produce, 251 F. Supp. 2d. at 140 (citing Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)).

> Rule 60(b) provides:
>
> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) [for] any other reason that justifies relief.

FED. R. CIV. P. 60(b). When a claim for relief does not fall under any of the first five reasons, Rule 60(b)(6) "enables [courts] to vacate judgments whenever such action is appropriate to accomplish justice." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988)

2

(quoting Klapprott v. United States, 335 U.S. 601, 614 (1949)). Such action is appropriate, however, only in extraordinary circumstances. Ackermann v. United States, 340 U.S. 193, 199 (1950).

Plaintiff's arguments in support of the motion for reconsideration do not meet any of the Rule 60(b) standards. Instead, plaintiff attempts to rehash his original arguments, and raises new theories for relief that could have been raised in opposition to the motion for summary judgment. Plaintiff has not identified any change in law that would compel the Court to revisit its decision. The evidence that plaintiff identifies in the motion could have been discovered had plaintiff's counsel been reasonably diligent in conducting discovery or in searching public records. Although plaintiff asserts that the Court misapplied the summary judgment standard, the Court did not make any credibility determinations or otherwise base its decision on disputed facts. Rather, the Court found that based on the evidence submitted by defendants — including the declaration of Ethan Landis which plaintiff did not dispute with competent evidence — there were no genuine disputes regarding the material facts in the case. See Lindell v. Landis Construction Co., Civil Action No. 08-1462, 2010 WL 2142181 at *4-5 (D.D.C. May 28, 2010). There is no reason for the Court to reconsider its decision.

*B. Attorneys' Fees*

"In most lawsuits seeking relief under the Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 829, as amended, 29 U.S.C. § 1001 *et seq.,* 'a reasonable attorney's fee and costs' are available 'to either party' at the court's 'discretion.'" Hardt v. Reliance Std. Life Ins. Co., 130 S. Ct. 2149, 2152 (2010) (quoting 29 U.S.C. § 1132(g)(1)). In its

discretion, the Court will decline to award attorneys' fees to defendants. Plaintiff is unemployed, and an award against him would be burdensome. Defendants also seek fees from plaintiff's counsel under 28 U.S.C. § 1927 on the ground that her behavior "unreasonably and vexatiously" multiplied the costs of the proceedings. While the Court agrees that plaintiff's counsel was less than diligent in her representation of plaintiff, it is not clear to the Court that in the circumstances her behavior was so egregious as to warrant a fees award under Section 1927. The Court therefore will deny defendants' motion.

*C. Extension of Time*

Plaintiff has also moved for additional time to file an appeal. Although the need for additional time is the result of plaintiff's or plaintiff's counsel own delay in filing the motion for reconsideration, the Court will grant the motion to ensure that plaintiff is able to present fully his arguments on appeal.

For the forgoing reasons, it is hereby

ORDERED that plaintiff's motion for reconsideration [25] is DENIED; it is

FURTHER ORDERED that defendants' motion for attorneys' fees [24] is DENIED; and it is

FURTHER ORDERED that plaintiff's motion for extension of time to file an appeal [29] is GRANTED. The Notice of Appeal shall by due by August 18, 2010.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 4, 2010